IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 25 2008 TC
7-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JASON WARD,
 Plaintiff,

v.

JP MORGAN CHASE & CO., INC.
 Defendant.

§§§§§§§§§§§§§

Civil Action No. 08C 3418
Hon. Judge Martin C. Ashman

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### TO DEFENDANT'S MOTION OF EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

#### A. Introduction

1. Plaintiff is Jason Ward; defendant is JP Morgan Chase & Co., Inc.

2. Plaintiff sued defendant on June 12, 2008 for actual and punitive damages as allowed by 15 USC 1681 et seq. ("The Fair Credit Reporting Act").

3. Defendant received plaintiff's summons and initial complaint via it's registered agent on June 25th, 2008.

4. Defendant has not filed an answer to plaintiff's complaint within 20 days of initial service.

5. On July 18, 2008, defendant requested that the court extend the time to answer or otherwise plead to plaintiff's original complaint.

#### B. Argument

6. Although the court may grant a request for an extension of time for "cause shown," this is not a case in which the court should do so. Fed. R. Civ. P. 6(b).

7. The court should deny the motion to extend time because defendant did not show cause why the court should grant its request for additional time to answer or otherwise plead. Fed. R. Civ. P. 6(b).

8. Defendant has been aware of this dispute since June of 2006 and has received numerous certified letters regarding this matter. Plaintiff has communicated directly with defendant's legal department on at least four occasions several months and years in advance of litigation. This litigation came as no surprise to defendant.

1

9. Defendant contacted plaintiff via telephone on or about June 27th, 2008, within 2 days of receiving plaintiff's complaint and summons, and verbally assured plaintiff that defendant would respond to the complaint immediately and assume settlement negotiations, which defendant failed to do.

10. Defendant's reason for delay does not constitute excusable neglect. Specifically, defendant's failure to respond to plaintiff's complaint due to its own internal disorganization and inability to identify records relating to this case is not excusable.

11. The defendant is using it's position of tremendous financial size and plaintiff's status as a pro se litigant to needlessly obscure the determination of facts and orderly litigation of this matter. Specifically, plaintiff has on numerous occasions attempted to speak with defendant about the subject of this litigation and seek resolution via informal means, but plaintiff's bad faith refusal to discuss the matter or negotiate is causing continuing damage to plaintiff and is a waste of the court's time.

### C. Conclusion

12. Defendant has assets in excess of one hundred billion dollars and employs dozens of law firms and hundreds of lawyers and has ignored numerous certified letters to discuss this matter. Defendant's legal department was aware of the complaint within two days of initial service. Plaintiff's status as a pro se litigant does not allow him the easy ability to respond to motions which seek to obscure and delay the reasonable conclusion of this case. For these reasons, plaintiff asks the court to deny defendant's motion to extend time to plead or otherwise respond.

Respectfully Submitted,

By: _____
Jason Ward, Pro Se
2248 West Belmont
Chicago, IL 60618
Tel: (773) 506-4545
Fax: (773) 477-5600

### CERTIFICATE OF SERVICE

I certify that a copy of Plaintiff's Memorandum in Opposition to Defendant's Motion of Extenstion of Time to Answer or Otherwise Plead was served on Ms. Jacquelyn T. Vengal, who is the attorney of record for Defendant JPMorgan Chase & Co., Inc., and whose address is 30 South Wacker Drive, 26th Floor, Chicago, IL 60606, Telephone (312) 849-4132, by certified U.S. Mail, return receipt requested on July 24, 2008 and via fax to fax number (312) 444-9027, and via email to jvengal@chuhak.com.

_____
Jason Ward, Pro Se